1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SORCE, JR.,<br><br>                                    Plaintiff,<br><br>      v.<br><br>PARAWEST MANAGEMENT<br>REAL ESTATE, *et al.*,<br><br>                                    Defendants. | Case No. 16-cv-2379-BAS(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii); AND**<br><br>**(3) TERMINATING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>**[ECF Nos. 2, 3]** |

On September 22, 2016, Plaintiff Joseph Sorce, Jr., proceeding *pro se*, commenced this action against Defendants Parawest Management Real Estate, Crystle Springs Real Estate, and College Grove Apartments. On the same day, Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. (ECF Nos. 2-3.)

16cv2379

For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES WITHOUT PREJUDICE** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **TERMINATES AS MOOT** Plaintiff's motion for appointment of counsel,.

## I.    MOTION FOR *IN FORMA PAUPERIS*

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL

311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is an unemployed 44-year-old receiving $254 monthly for "general relief." (IFP Mot. ¶¶ 1-2, 12.) No other sources of income or assets are listed. (*Id.* ¶¶ 1-2, 5-6.) Plaintiff's expenses amount to almost $400 per month. (*Id.* ¶ 8.) Plaintiff's expenses and debt are clearly greater than his current sources of income. Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

## II.    SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or . . . seeks monetary relief against a defendant who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc); *see also* 28 U.S.C.

§ 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

As currently pleaded, Plaintiff's one-page, handwritten complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). The only wrongful conduct Plaintiff describes are: (1) Defendants' failure to accommodate an unspecified disability by renting a "downstairs" apartment unit; and (2) unspecified harassment, though the harassment may be the act of calling law enforcement without a proper reason ("the defendant are [sic] abusing the system by calling the police to my house").

Assuming the ADA applies, "[t]he question whether a particular accommodation is reasonable 'depends on the individual circumstances of each case' and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002). However, the circumstances described in the complaint are too vague for the Court to permit this claim to proceed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The facts provided are inadequate for the Court to conclude that Plaintiff states a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

//

Plaintiff's harassment claim is also ambiguous. Assuming Plaintiff asserts a harassment claim under California law, California's Code of Civil Procedure § 527.6 may apply. Section 527.6 defines harassment as the "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." It adds that "[t]he course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." Plaintiff alleges that police are sent to "knock on [his] door 20 times in a month," which the Court suspects may qualify as annoying or harassing conduct if done without a legitimate purpose, but no facts are provided describing specific instances or whether Plaintiff sustained "substantial emotional distress." And it remains unclear whether § 527.6 is even the law Plaintiff seeks to invoke in bringing his harassment claim. That effectively means Plaintiff fails to plead the claim with sufficient specificity to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555.

In sum, Plaintiff fails to state a plausible claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2), **DISMISSES WITHOUT PREJUDICE** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **TERMINATES AS MOOT** Plaintiff's motion for appointment of counsel (ECF No. 3).

**IT IS SO ORDERED.**

**DATED:   September 30, 2016**

Hon. Cynthia Bashant
United States District Judge